IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DARRION WILLIAMS,** | |
| Plaintiff, | |
| v. | Case No. 5:22-cv-00376-TES-CHW |
| **WARDEN JOSEPH POLITE,** *et al.*, | |
| Defendants. | Proceedings Under 42 U.S.C. §1983<br>Before the U. S. Magistrate Judge |

## ORDER

*Pro se* Plaintiff Darrion Williams, an inmate at the Georgia Diagnostics & Classification Prison in Jackson, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. He has now filed a motion to consolidate his case with another pending action from a wholly different Plaintiff. ECF No. 4. He also seeks leave to proceed *in forma pauperis*. ECF No. 5. For the reasons set forth below, his motion to consolidate (ECF No. 4) is **DENIED**, and his motion to proceed *in forma pauperis* (ECF No. 5) is **GRANTED** with the statutory provision that he pays an initial partial filing fee.

## MOTION TO CONSOLIDATE

Plaintiff has filed a motion to consolidate this case with a case filed by a different plaintiff, *Gholston v. Polite*, Case No. 5:22-cv-00362-MTT-CHW. ECF No. 4. Plaintiff argues that "both cases involve nearly same defendants, claims" and that "similar cases of same by others may be soon filed which plaintiff Gholston in other cases is assisting them which may also be merged or consolidated". *Id.*

Fed. R. Civ. P. 42 permits consolidation in certain situations. In this case, although there are some similarities to the claims in Mr. Gholston's case, the cases involve different plaintiffs, different defendants, and different underlying incidents. *Compare* ECF No. 1-1 with ECF No. 1-3 in *Gholston v. Polite*, Case No. 5:22-cv-00362-MTT-CHW. Thus, consolidation is not presently appropriate. Plaintiff's motion is therefore **DENIED**. If at any time the Court decides consolidation would be appropriate in these two cases, it shall do so upon its own accord.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed a motion to proceed *in forma pauperis*. ECF No. 5. As it appears that Plaintiff is unable to prepay the full cost of commencing this action, his application to proceed *in forma pauperis* is **GRANTED**.

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that for the preceding six months, Plaintiff had an average deposit amount of $138.17. ECF No. 5-1. Twenty percent of his average deposit amount is $27.63. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $27.63.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.  It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.  The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee.  Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court.  Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## CONCLUSION

In conclusion, as set forth above, Plaintiff's motion to consolidate (ECF No. 4) is **DENIED**.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $27.63.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court.  Thereafter, Plaintiff's custodian shall remit

monthly payments as set forth above.

There shall be **no service** in this case until further order of the Court and Plaintiff shall keep the Court informed of any future address change. Failure to do so, may result in dismissal of this action.

**SO ORDERED and DIRECTED**, this 8th day of December, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge