**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DARRION WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:22-cv-00376-TES-CHW** |
| **v.** | : | |
| | : | |
| **WARDEN JOSEPH POLITE,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

<u>**ORDER AND RECOMMENDATION**</u>

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Darrion Williams, an inmate at the Georgia Diagnostics & Classification Prison in Jackson, Georgia, filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 5) which was granted with the provision that Plaintiff pay a statutorily required partial initial filing fee (ECF No. 6).  Plaintiff has paid that fee.  This complaint is ripe for preliminary review.  Upon preliminary review, Plaintiff may proceed with his Eighth Amendment claims against Defendants Joseph Polite, Joe Williams, George Ball, Heather Turner, IRT member Horne, IRT member Williams, Commander Watkins, and Commander Douglas for further factual development.  It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Office of Professional Standards Managers John and Jane Does be **DISMISSED** without prejudice.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Id.* (internal quotation marks omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks

omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."   *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

Plaintiff is incarcerated in the Special Management Unit at Georgia Diagnostic & Classification Prison in Jackson, Georgia.   ECF No. 1-1 at 1.   On August 5, 2022, Plaintiff states he was removed from his cell in handcuffs by IRT members.   *Id*. at 2-3.

He states that although he was non-disruptive and compliant with the officers, Defendants Horne and Williams repeatedly punched him in the head using handcuffs as a weapon.   *Id*. at 3-4.   Plaintiff complains that Defendants Watkins and Douglass witnessed the assault, failed to correct the misconduct of Defendants Horne and Williams, and "encourag[ed] the continuation of the misconduct".   *Id*. at 4.   Plaintiff claims that prior to his assault at the hands of Defendants Horne and Williams he had "already been aware of IRT jumping on people in handcuffs and [he] heard numerous offenders complain about it to Mr. Polite, Mr. Ball, Mr. Turner, IRT Commanders" and that he "spoke out against it to them also". ECF No. 1-1 at 3.   Plaintiff further claims that "[w]hen [he] complained to Polite, (DWS) Williams, Turner, and Ball they seemed not against what IRT did".   *Id*. at 4.   Plaintiff also lists "Office of Professional Standards Managers (Jane/ John Does…)" as Defendants, alleging that they "are over IRT and is/ was legally responsible for safety and security of GDOC/ GDCP (SMU) and management of IRT who was assigned to GDCP (SMU)".   *Id*. at 2.   Plaintiff asserts that these unknown Defendants, in conjunction with Defendants Polite, Williams, Ball, and Turner, "fail[ed] to correct the misconduct of IRT_Horne and IRT_Williams and IRT members, and encourag[ed] the continuation of the misconduct and fail[ed] to curb history of widespread physical abuse".   *Id*. at 4-5.   Plaintiff requests damages.   *Id*. at 5.

III.   Plaintiff's Claims

A.   *Excessive force claim against Defendants IRT members Horne and Williams*

Plaintiff claims that IRT members Horne and Williams repeatedly punched him in

4

the head "using handcuffs as a weapon" while Plaintiff was handcuffed behind his back and "was not acting disruptively".   ECF No. 1-1 at 3-4.   Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard.   *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986).   Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both.   *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).   To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm.   *Id*. at 6.   To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."   *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).   When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident."   *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'"   *Bowden v. Stokely*, 576 F. App'x

951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that Defendants Horne and Williams assaulted him while Plaintiff was compliant and handcuffed behind his back.   ECF No. 1-1 at 4.   Liberally construed, Plaintiff's Eighth Amendment claim against Defendants Horne and Williams for use of excessive force can proceed for further factual development.

B. *Failure to Intervene Claim against Defendants IRT Commanders Watkins and Douglass*

Plaintiff asserts a claim of failure to intervene against Defendants Watkins and Douglass, alleging that these Defendants witnessed the assault by Defendants Horne and Williams, "failing to correct that misconduct, and encouraging the continuation of the misconduct".   ECF No. 1-1 at 4.   "It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441 (11th Cir. 1985).   Rather, the Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates."   *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099– 1100 (11th Cir. 2014).   Under this standard, "an officer can be liable for failing to intervene when another officer uses excessive force."   *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000) (citing *Ensley v. Soper*, 142 F.3d 1402, 1407–08 (11th Cir. 1998)); *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation

6

such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." (quoting *Ensley*, 142 F.3d at 1407)); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *see also Bailey v. City of Miami Beach*, 476 F. App'x 193, 196–97 (11th Cir. 2012) (no qualified immunity for officer who watched for two or three minutes while two of his fellow officers "attacked" plaintiff).   However, "[t]o be held liable, the officer must both be 'in a position to intervene' and 'fail[ ] to do so' [and] there also must be an underlying constitutional violation." *Sebastian*, 918 F.3d at 1312 (quoting *Priester*, 208 F.3d at 924).

Plaintiff alleges that Defendants Watkins and Douglass were in a position to intervene when other Defendants repeatedly struck Plaintiff in the head and that these Defendants failed to do anything to stop the assault.   Indeed, Plaintiff complains that Defendants Watkins and Douglass actually encouraged the assault.   Liberally construed, Plaintiff's Eighth Amendment claim against Defendants Watkins and Douglas for failing to intervene while Plaintiff was struck by Defendants Horne and Williams can proceed for further factual development.

    C.  *Respondeat Superior claim against Defendants Warden Polite, Deputy Warden Williams, Deputy Warden Ball and Unit Manager Turner*

Plaintiff alleges that prior to his assault at the hands of Defendants Horne and Williams he had "already been aware of IRT jumping on people in handcuffs and [he] heard numerous offenders complain about it to Mr. Polite, Mr. Ball, Mr. Turner, IRT Commanders" and that he "spoke out against it to them also".   ECF No. 1-1 at 3.   Plaintiff

7

further contends that "[w]hen [he] complained to Polite, (DWS) Williams, Turner, and Ball they seemed not against what IRT did".   *Id*. at 4.

Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.   *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); s*ee also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005).   Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position.   *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003).

Plaintiff alleges that the supervisory Defendants Warden Polite, Deputy Warden Williams, Deputy Warden Ball and Unit Manager Turner were made aware of IRT members assaulting inmates without provocation by other inmates as well as being made personally aware of these abuses by the Plaintiff himself.   ECF No. 1-1 at 3-4.   Plaintiff further alleges that although these Defendants were aware of the use of excessive force by IRT members that they violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by "failing to correct the misconduct of Horne, Williams, and IRT members and encouraging the continuation of the misconduct and failure to curb history of widespread physical abuse".   *Id*. at 4-5.   Thus, Plaintiff has presented allegations that

8

these Defendants had actual knowledge that their subordinates repeatedly acted unlawfully, and they failed to stop them.   At this early stage of litigation and construing Plaintiff's allegations that he personally made these Defendants aware of ongoing abuses in his favor, the Court cannot say that Plaintiff has failed to state a claim.   Accordingly, Plaintiff's respondeat superior claims against Defendants Warden Polite, Deputy Warden Williams, Deputy Warden Ball, and Unit Manager Turner shall proceed for further factual development.   See *Keating*, 598 F.3d at 762.

      D.   *Claims as to Office of Professional Standards Managers Jane/ John Does*

Plaintiff lists "Office of Professional Standards Managers (Jane/ John Does…)" as Defendants and states that they "are over IRT and is/ was legally responsible for safety and security of GDOC/ GDCP (SMU) and management of IRT who was assigned to GDCP (SMU)".   ECF No. 1-1 at 2.   To the extent Plaintiff simply seeks to bring claims against unidentified managers listed as "Jane/ John Doe" in his complaint, Plaintiff has not provided enough detail to state a claim upon which relief may be granted.   As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).   The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)).   Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks

omitted).   Because Plaintiff in this case does not provide any description whatsoever of these Doe managers, Plaintiff's claims as to the Doe Defendants are subject to dismissal. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation); *Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]").

Even if the Court could identify the Doe Defendants, Plaintiff's claims as to these Defendants would still be subject to dismissal.   Plaintiff categorically asserts that these unknown Defendants, in conjunction with other Defendants, "fail[ed] to correct the misconduct of IRT_Horne and IRT_Williams and IRT members, and encourag[ed] the continuation of the misconduct and fail[ed] to curb history of widespread physical abuse". *Id*. at 4-5.   Unlike in the claims against the Warden, Deputy Wardens, and Unit Manager, Plaintiff never indicates that he has ever communicated with any of these unnamed Defendants at the Office of Professional Standards and his allegations as to these Doe Defendants is vague and conclusory.   Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   The purpose of this rule is "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"   *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).   "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material

elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *see also Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice."   *Iqbal*, 556 U.S. at 663.   A complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

Plaintiff has only made vague and conclusory assertions regarding the Doe Defendants.   Although the Court must liberally construe Plaintiff's complaint, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations…").   Accordingly, Plaintiff's claims against Defendants "Office of Professional Standards Managers (Jane/ John Does…)"  are also subject to dismissal for being vague and conclusory.

For all the reasons set forth, it is **RECOMMENDED** that Plaintiff's claims against the Defendants "Office of Professional Standards Managers (Jane/ John Does…)" be **DISMISSED without prejudice** for failure to state a claim.

IV.   Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment claims against Defendants Joseph Polite, Joe Williams, George Ball, Heather Turner, IRT member Horne, IRT member Williams, Commander Watkins, and Commander Douglas for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Office of Professional Standards Managers John Doe and Jane Doe be **DISMISSED** without prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection should be no longer than **TWENTY (20) PAGES** in length.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Joseph Polite, Joe Williams, George Ball, Heather Turner, IRT member Horne, IRT member Williams, Commander Watkins, and Commander Douglas, it is

accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by

13

mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension

14

is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery

period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 1st day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

16